UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| FRANCIS DAMIEN BLOCK,             ) | |
|                                                           ) | |
|         Plaintiff,             ) | |
|                                                           ) | |
|         v.                       ) | No. 2:19-cv-00271-JRS-MJD |
|                                                           ) | |
| THEODORE WESTRA,                   ) | |
| UNITED STATES OF AMERICA,   ) | |
|                                                           ) | |
|         Defendants.         ) | |

## Order

Plaintiff Francis Block seeks damages and declaratory relief from Defendant Theodore Westra[1] for Westra's alleged violations of the Racketeer Influenced and Corrupt Organizations (RICO) Act, 18 U.S.C. § 1961 *et seq.* Block's Complaint appeared to allege that Westra violated 18 U.S.C. § 1962 by unlawfully obtaining Block's 1984 Jeep Scrambler. (Compl. ¶ 11, ECF No. 1 at 4.) Block further alleged that Westra altered and concealed records by testifying falsely at Block's criminal trial. (*Id.* ¶ 9.)

On September 24, 2019, this Court liberally construed Block's Complaint but found that it could not "discern within it any plausible claim against any defendant." (ECF No. 7 at 2.) Still, the Court granted Block leave to amend his complaint or otherwise show cause why his complaint should not be dismissed for lack of subject-matter jurisdiction. (*Id.* at 3.) On March 17, 2020, Westra moved to dismiss Block's Complaint. (ECF No. 24.) Block filed his Amended Complaint on March 27, 2020.

---

[1] Block also alleges these violations against twenty-nine additional defendants, which he added in his amended complaint. (Am. Compl. ¶¶ 4–33, ECF No. 26.)

1

(ECF No. 26.)  As a preliminary matter, Westra's motion to dismiss, (ECF No. 24), which was filed before the Amended Complaint, is **denied** as moot consistent with this Order.  Block also moves to compel discovery, (ECF No. 27), and moves to appoint counsel, (ECF No. 34).

"[B]oth the Supreme Court and [the Seventh Circuit Court of Appeals] have noted time and again that subject-matter jurisdiction is a fundamental limitation on the power of a federal court to act."  *Del Vecchio v. Conseco, Inc.*, 230 F.3d 974, 980 (7th Cir. 2000) (collecting cases).  A complaint that is wholly insubstantial does not invoke the district court's subject-matter jurisdiction.  *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998); *Crowley Cutlery Co. v. United States*, 849 F.2d 273, 276 (7th Cir. 1988).

With his Amended Complaint, Block adds twenty-nine additional defendants to this suit.  (Am. Compl. ¶¶ 4–33, ECF No. 26 at 3–5.)  Also, Block alleges claims against Westra that are nearly identical to the allegations in his original complaint.  Block still alleges that Westra violated RICO statutes by unlawfully obtaining Block's Jeep Scrambler and by altering and concealing records by testifying falsely at Block's trial.  (Am. Compl. ¶¶ 42–44, ECF No. 26 at 6–7.)  The only discernable difference between Block's original complaint and his amended complaint is the addition of the twenty-nine defendants, which does nothing to strengthen or clarify Block's claims.  *See Jennings v. Emry*, 910 F.2d 1434, 1436 (7th Cir. 1990) (stating that a complaint "must be presented with sufficient clarity to avoid requiring a district court or opposing party to forever sift through its pages" to determine whether it states a valid

claim). As presented, this case is *still* frivolous and deserves no further judicial time. *See, e.g., Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002).

Moreover, "[t]o determine whether subject matter jurisdiction exists, a court may look past the complaint to any pertinent evidence." *Amling v. Harrow Indus. LLC*, 943 F.3d 373, 376 (7th Cir. 2019). To determine whether this Court has jurisdiction, the Court takes judicial notice of the docket in Block's federal case in the Western District of Michigan. The jurisdiction of federal courts is limited to cases and controversies. U.S. Const. art. III. Determining Article III jurisdiction "is an antecedent question in every case." *Norfolk S. Ry. Co. v. Guthrie*, 233 F.3d 532, 534 (7th Cir. 2000). Standing is required "to have the court decide the merits of the dispute or of particular issues." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). Constitutional standing requires that the plaintiff allege that he or she has suffered an injury, that the plaintiff allege that the injury is fairly traceable to the defendant's conduct, and that the plaintiff allege that the court can redress the injury. *See Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 560–61 (1992).

Block fails at least the injury prong. Block alleges that Westra stole Block's 1984 Jeep Scrambler and concealed the Jeep "by way of pleadings" in Block's criminal case. (Am. Compl. ¶ 44, ECF No. 26 at 7.) There is one major problem with Block's allegations: Block was not even the title holder or owner of the 1984 Jeep Scrambler. *United States v. Block*, 1:13-cr-223 (W.D. Mich. Oct. 9, 2018) (order denying Defendant's Rule 41 motion). Therefore, Block was not injured by the forfeiture of the 1984 Jeep Scrambler. *See United States v. Bowser*, 834 F.3d 780, 784 (7th Cir. 2016) ("Only a person

3

possessing a legal interest, rather than an equitable interest, in property will have standing to challenge its forfeiture."). This Court does not have subject-matter jurisdiction in this case because Block lacks standing and because Block's amended complaint is wholly insubstantial. Further, Block has failed to comply with this Court's order to amend his complaint or otherwise show cause why his complaint should not be dismissed for lack of subject-matter jurisdiction. (*See* ECF No. 7 at 3.)

Even if this Court had subject-matter jurisdiction, a district court is required to dismiss a suit filed *in forma pauperis* if it determines that the action is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). A claim is frivolous if "it lacks an arguable basis either in law or fact." *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible . . . ," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), and district courts are in the best position to determine factual frivolousness, *id.* A complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Here, the underlying basis of Block's claims stem from the allegation that Westra stole his Jeep. Block's amended complaint, however, provides no indication of how Westra or the other twenty-nine defendants engaged in racketeering by taking possession of the Jeep, offers conclusions and formulaic recitations of the elements of RICO statutes, and mirrors claims that Block previously alleged in another federal

case. *United States v. Block*, No. 18-2241 (6th Cir. May 25, 2019) (order affirming the Western District of Michigan Court's ruling that Block did not hold the Jeep's title and, therefore, was not entitled to relief), *cert. denied*, No. 19-7510 (U.S. Mar. 2, 2020) (order).  This action is frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

For the foregoing reasons, the Court finds that this action must be dismissed including against the newly added twenty-nine Defendants on the Court's own motion; Plaintiff's motion to compel discovery, (ECF No. 27), is **denied** as moot; Plaintiff's motion to appoint counsel, (ECF No. 34), is **denied** as moot; and Defendant's motion to dismiss, (ECF No. 24), is **denied** as moot.  The Court does not grant Block leave to amend because doing so would be futile, given that he was already granted leave to amend and failed to cure the previously identified defects in his original Complaint.  And, indeed, there is nothing to suggest that the defects would be curable.  This matter is closed, and a final judgment will be issued accordingly.

**SO ORDERED.**

Date: 10/14/2020

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

FRANCIS DAMIEN BLOCK
17692-040
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Lara K. Langeneckert
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
lara.langeneckert@usdoj.gov